# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:21-CV-143-KDB-DCK

| | |
|---|---|
| VITALITY ANTI-AGING CENTER AND MED SPA, PLLC, <br><br> v. <br><br> SONA MEDSPA PHYSICIANS GROUP, PLLC, f/k/a SONA MEDSPA NORTH CAROLINA, PLLC; VIVA LIFE, LLC; SONA MEDSPA INTERNATIONAL, INC.; and DERMATOLOGY AND MEDSPA, INC., | **CONSENT PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Consent Protective Order" (Document No. 16) filed February 2, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the parties' "Joint Motion For Entry Of Consent Protective Order" (Document No. 16) is **GRANTED**. The parties' proposed Consent Protective Order is adopted and entered as follows.

**WHEREAS**, this 31st day of January, 2022, it is hereby **STIPULATED** and **AGREED** between Plaintiff Vitality Anti-Aging Center and Med Spa, PLLC and Defendants Sona MedSpa Physicians Group, PLLC, f/k/a Sona MedSpa North Carolina, PLLC; Viva Life, LLC; Sona MedSpa International, Inc.; and Dermatology and Medspa, Inc. (collectively "the Consenting Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall

govern the use and handling of Confidential Information and documents produced by the Consenting Parties in the above-captioned matter ("this Litigation"):

**Scope.** All documents and data, including electronically stored information, produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall be subject to this Consent Protective Order (the "Protective Order").

**"Confidential Information" Defined.** "Confidential Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to contain proprietary, technical, financial, sensitive personal, or confidential research, development, or commercial information that is not publicly available.

**"Attorney Eyes Only Information" Defined.** The term "Attorney Eyes Only Information" or "AEO Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to contain highly confidential or trade secret information that should not be disclosed to a competitive business and, if disclosed to an opposing party, poses a substantial risk of competitive harm.

**Access to Confidential Information.** Access to documents and information designated as CONFIDENTIAL shall be restricted to the following persons:

 (a) parties to this Litigation and the officers and employees of the parties who are directly participating in the prosecution or defense of this Litigation;

 (b) law firms of record of the parties to this Litigation and such firms' attorneys and staff;

 (c) any person specially employed or engaged in this Litigation by a party or its attorneys as an expert, consultant, or vendor;

(d) the Court and its personnel;

(e) court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

(f) private arbitrators and mediators;

(g) any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information; and

(h) any other person as agreed upon by the parties to this action in writing or authorized by the Court.

**Access to Attorney Eyes Only Information.** Access to documents and information designated as ATTORNEY EYES ONLY, including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 5(b) through 5(h). With the exception of the party producing a document or information designated as ATTORNEY EYES ONLY, other parties to this Litigation are not permitted to access or review documents or information designated ATTORNEY EYES ONLY.

**Exhibit A to Protective Order**. Persons identified in paragraphs 5(c) and 5(h) above shall be provided Documents designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order, in the form attached as "**Exhibit A**."

**Form and Timing of Designation.** The party wishing to designate the material (the "Producing Party") shall designate the whole or part of any documents as Confidential Information or AEO Information by stamping or imprinting the words CONFIDENTIAL or ATTORNEY EYES ONLY upon every page of the produced copies of the document at the time of production.

3

The party receiving the CONFIDENTIAL or AEO material shall be referred to as the "Receiving Party." Such designations shall be utilized in good faith and only in accordance with the definition of Confidential Information and AEO Information as described herein.

**Documents Produced by Non-Parties.** In the case of documents produced by non-parties pursuant to subpoena, a party wishing to designate such material as CONFIDENTIAL or ATTORNEY EYES ONLY shall so notify counsel for all other parties in writing. If the party wishing to designate such material as CONFIDENTIAL or AEO is the party who served the subpoena, then counsel for that party shall make such designation within ten (10) days of receipt of the subpoenaed material and shall provide counsel for all other parties with copies of the subpoenaed material (including the material designated as CONFIDENTIAL or AEO). Counsel for any other party wishing to designate such material as CONFIDENTIAL or AEO shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing party and shall be allowed to designate any such material as CONFIDENTIAL or AEO prior to the release of the subpoenaed material to any person or party. Upon such designation, counsel for the subpoenaing party shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including that material designated as CONFIDENTIAL or AEO).

**Demands for Production by Non-Parties.** In the event the Receiving Party receives a demand, subpoena, or other request to produce any CONFIDENTIAL or ATTORNEY EYES ONLY materials from any non-party, including any government agency or judicial body, the Receiving Party shall immediately notify the Producing Party or Producing Non-Party of the demand, subpoena, or other request, and shall not produce the requested materials without first giving the Producing Party or Producing Non-Party an opportunity to oppose the requested production.

4

Case 5:21-cv-00143-KDB-DCK   Document 17   Filed 02/03/22   Page 4 of 13

**Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL or ATTORNEY EYES ONLY shall not be deemed a waiver, in whole or in part, of the right to designate documents; provided, however, that the Receiving Party shall not be deemed in breach of this Order if counsel for Receiving Party has disclosed documents to its client prior to designation as AEO. In the event that the producing person inadvertently fails to designate discovery material as CONFIDENTIAL or ATTORNEY EYES ONLY, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Consenting Party to whom production has been made shall treat the designated discovery material as Confidential or AEO subject to its right to dispute such designation in accordance with Paragraph 15 below.

11. **Effect on Attorney-Client Privilege and Work Product Immunity.** This order is entered subject to Federal Rule of Evidence 502(d).

(a) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or private proceeding. This Protective Order shall be interpreted in accordance with Federal Rule of Evidence 502(d).

(b) The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document containing privileged or work product material has been produced. Upon receiving written notice from the Producing Party that privileged or work product material has been produced, all such information shall be returned to the Producing Party within ten (10) business days of receipt of such notice, and the Receiving Party shall

5

not use such information for any purpose until further order of the Court. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

(c) The Receiving Party may contest the privilege or work product designation by the Producing Party, shall give the Producing Party written notice of the reason for the disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. However, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the parties shall discuss for fifteen (15) business days from the initial notice by the Producing Party whether seeking an order from the Court to compel production of the material is necessary or advisable, and file a joint motion for determination should the parties not agree.

12. **Depositions.** In the case of deposition testimony, CONFIDENTIAL or ATTORNEY EYES ONLY designations may be made during the deposition and in any event shall be made within thirty (30) days after the final transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as confidential until final designations are made within thirty (30) days after receipt of the final transcript.

13. **Protection of Confidential or AEO Information.** Documents designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes other than preparing for and conducting this Litigation in which the documents were

6

disclosed (including any appeal).  Provided however, nothing herein shall prevent disclosure in compliance with Paragraph 9 of this Order.

14.     **Filing and Use at Trial.**  This Protective Order does not restrict or limit the use of documents designated as Confidential or AEO at any hearing or trial.  However, in the event a party in this litigation or a third party wants to file or submit to the Court any document designated as Confidential or AEO, that party shall first notify the designating party and attempt to reach an agreement regarding filing or redaction of the Confidential or AEO information.  If an agreement cannot be reached as to presentation of the Confidential or AEO information, the party seeking to file or use the information shall seek permission from the Court to file or submit said information under seal.  Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

15.     **Challenges to Designation as Confidential or AEO Information.**  In the event counsel for the party receiving materials designated as CONFIDENTIAL or ATTORNEY EYES ONLY objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by electronic mail, of such objection and the reasons therefore.  Pending resolution of the dispute, all of the materials shall be treated as designated.  Counsel will attempt to resolve the dispute within five business days.  If the dispute cannot be resolved among counsel, the parties shall jointly notify the court of objection to designation of a document as CONFIDENTIAL or ATTORNEY EYES ONLY and request court determination to the Court.  The burden to sustain the designation CONFIDENTIAL or ATTORNEY EYES ONLY is upon the designating party.  Nothing in this Order shall be construed as preventing any party from

objecting to the designation of any document as CONFIDENTIAL or ATTORNEY EYES ONLY or preventing any party from seeking further protection for any material it produces in discovery.

16. **Scope of Discovery.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as CONFIDENTIAL or ATTORNEY EYES ONLY under the terms of this Protective Order is relevant, or admissible in this Litigation or any other litigation.

17. **Treatment on Conclusion of Litigation.** The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The Consenting Parties shall take such measures as are necessary to prevent the public disclosure of Confidential or AEO Information, through inadvertence or otherwise, after the conclusion of this Litigation.

18. **Return of Confidential or AEO Information.** Following the termination of this Litigation, whether by adjudication on the merits, settlement, or otherwise, upon request of the Producing Party, all Confidential or AEO Information, and all copies thereof, all extracts, tabulations and compilations, thereof, in any form whatsoever, shall be returned to counsel for the Producing Party or destroyed. The ultimate disposition of Confidential or AEO Information is subject to a final order of the Court upon completion of this Litigation.

19. **Treatment of a Party's Own Confidential Materials.** Any Party may expressly waive in writing the applicability of any provision of this Order to any of the Party's own CONFIDENTIAL or ATTORNEY EYES ONLY materials. The waiver will apply only to the CONFIDENTIAL or ATTORNEY EYES ONLY materials, or to portions to which the applicability of any provision of this Agreement is expressly waived. A partial waiver as to certain CONFIDENTIAL or ATTORNEY EYES ONLY materials or portions does not constitute a

8

Case 5:21-cv-00143-KDB-DCK   Document 17   Filed 02/03/22   Page 8 of 13

waiver as to the remainder of the CONFIDENTIAL or ATTORNEY EYES ONLY materials or portions.

20. **Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any Consenting Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Consenting Parties shall have been given notice and an opportunity to be heard on the modification.

21. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or ATTORNEY EYES ONLY is subject to protection until such time as a document-specific ruling shall have been made.

22. **Persons Bound.** This Protective Order shall take effect when signed and filed by counsel for the parties and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

23. **Order Continuing.** This Order shall survive settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. The ultimate disposition of any material produced hereunder shall be subject to a final order of the Court upon completion of the litigation.

**SO ORDERED**.

Signed: February 2, 2022

David C. Keesler
United States Magistrate Judge

**WE CONSENT**:

/s/ Matthew K. Rogers
Matthew K. Rogers
N.C. Bar No. 26992
**Law Offices of Matthew K. Rogers, PLLC**
200 First Avenue N.W., Suite 104
P.O. Box 9096
Hickory, NC 28603
Telephone: (828) 327-2005
Fax: (828) 327-7009
rogersmk@mrbizlaw.com

*Attorney for Plaintiff*

/s/Christopher D. Tomlinson
Christopher D. Tomlinson
N.C. Bar No. 38811
**MOORE & VAN ALLEN PLLC**
100 North Tryon Street, Floor 47
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
christomlinson@mvalaw.com

*Attorney for Defendants*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:21-CV-143-KDB-DCK

| | |
|---|---|
| **VITALITY ANTI-AGING CENTER AND MED SPA, PLLC,** | ) ) **ACKNOWLEDGEMENT OF** ) **CONFIDENTAL** ) **INFORMATION AND** ) **AGREEMENT TO ABIDE BY** ) **PROTECTIVE ORDER** |
| **v.** | ) ) |
| **SONA MEDSPA PHYSICIANS GROUP, PLLC, f/k/a SONA MEDSPA NORTH CAROLINA, PLLC; VIVA LIFE, LLC; SONA MEDSPA INTERNATIONAL, INC.; and DERMATOLOGY AND MEDSPA, INC.,** | ) ) ) ) ) ) ) |

I, _____, hereby affirm that:

Information, including documents and things designated as CONFIDENTIAL or ATTORNEY EYES ONLY as defined in the Consent Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

As a prior condition to me being permitted to receive, see, or review any Confidential or AEO Information, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

I understand that the Protective Order is a Court Order that is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for enforcement of any claimed violation of the terms of the Protective

12

Order or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

I agree not to use any Confidential or AEO Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information CONFIDENTIAL or ATTORNEY EYES ONLY or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

I understand that I am to retain all documents or materials designated as Confidential or AEO Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential or AEO Information are to be returned to counsel who provided me with such documents and materials.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE